IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN BROWN, JR., #R53255, <br><br> **Plaintiff,** <br><br> v. <br><br> WEXFORD HEALTH SOURCES, INC., *et al.*, <br><br> **Defendants.** | Case No. 23-cv-00107-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court for case management purposes. Plaintiff has filed motions regarding substituting the deceased defendant, Kimberly Martin, and a motion for leave to amend the complaint. Defendants Poteat and Wexford Health Sources, Inc. have filed a motion to prevent early discovery.

### SUBSTITUTE DECEASED PARTY

The Court has received notice that Defendant Kimberly Martin is deceased. (*See* Doc. 28). Plaintiff has been given until January 9, 2024, to file a motion for substitution of a party pursuant to Federal Rule of Civil Procedure 25(a)(1). (*Id.*). Plaintiff has filed two motions concerning substitution. First, Plaintiff asks the Court to extend this deadline because he does not know what he is doing concerning substitution. (Doc. 40). In the alternative, he asks the Court to recruit counsel to represent him because not only does he not know the proper procedures or individuals for substitution, but he is seriously mentally ill and does not have any experience litigating a civil lawsuit. (*Id.*). Second, Plaintiff moves the Court to substitute Defendant Martin with her estate or her employer. (Doc. 41). If he is unable to substitute Martin with her employer, then Plaintiff seeks

Martin's personal information so that he can attempted to identify the proper individual for substitution.

For the reasons previous stated (*see* Doc. 20, 37), the Court will not recruit counsel to represent Plaintiff at this time. Plaintiff's inexperience with civil litigation is not unique to him as a pro se litigant, and despite his mental illness, his filings continue to demonstrate that he is more than capable of representing himself at these early stages. The request for counsel is **DENIED.**

The Court will also not substitute Martin's employer as a defendant in this case. Neither Wexford Health Sources, Inc., nor the Illinois Department of Corrections can be considered a "proper party" for the purposes of substitution. *See Atkins v. City of Chicago,* 547 F. 3d 869, 870 (7th Cir. 2008) (the proper party is "ordinarily the personal representative of the party who has died"); *McGuire v. Thompson,* No. 18-cv-760-JD-MGG, 2019 WL 6912284, at *2 (N.D. Ind. Dec. 18, 2019) (declining to substitute Corizon Health, Wexford, and the Indiana Department of Corrections as defendants for the deceased).

The Court will also not direct Defendants to produce the personal information requested. However, Defendants are **DIRECTED** to notify the Court and Plaintiff as to whether an estate has been opened for Kimberly Martin or, if possible, to provide the identity of a special representative that can be substituted in place of the deceased defendant if no estate has been opened. Defendants shall have until **December 28, 2023,** to provide this information.

The deadline to file a motion to substitute is extended. Plaintiff shall have until **January 29, 2024,** to identify a person to substitute in the place of Martin.

### MOTION TO AMEND

The motion for leave to file an amended complaint is **DENIED.** (Doc. 44). Plaintiff's proposed amended complaint is not complete; it merely adds allegations, claims, and requests of relief to the existing Complaint. An amended complaint supersedes and replaces the original

complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court does not allow piecemeal amendments or supplements to a complaint. An amended complaint must stand on its own, without reference to any previous pleading, and include all claims against all defendants and requests for relief.

### DISCOVERY

Plaintiff has filed a motion seeking to serve a subpoena on the Illinois Department of Corrections for administrative directives, the mental health manual, personal information of other inmates, and standard operating procedures. (Doc. 43). The motion is **DENIED** as premature. Discovery in this case has not yet started, as the Court has not entered its initial scheduling and discovery order. (*See* Doc. 20, p. 11). Additionally, Defendants have raised Plaintiff's failure to exhaust his administrative remedies as an affirmative defense, and discovery on the merits will be stayed until the issue of exhaustion is resolved.

The motion for a protective order filed by Defendants Wexford Health Sources, Inc., and Poteat is **GRANTED.** (Doc. 45). As mentioned, Plaintiff's requests for production are premature. Once the Court enters an initial scheduling and discovery order, Defendants will be directed to produce to Plaintiff initial disclosures, which will include medical records and counseling records, and merits-based discovery will be stayed. The Court **ORDERS** that Defendants Wexford Health Sources, Inc., and Poteat do not have to respond to Plaintiff's First Request for Production until after the Court enters initial scheduling and discovery order and do not have to respond to Plaintiff's Second Request for Production until the issue of exhaustion is resolved.

### DISPOSITION

The motions for substitution of deceased party filed by Plaintiff are **GRANTED in part and DENIED in part**. (Doc. 40, 41). Defendants are **DIRECTED** to notify the Court and Plaintiff, on or before **December 28, 2023,** as to whether an estate has been opened for Kimberly

Martin or, if possible, to provide the identity of a special representative that can be substituted in place of the deceased defendant if no estate has been opened.

The deadline to file a motion to substitute is extended. Plaintiff shall have until **January 29, 2024,** to identify a person to substitute in the place of Martin.

The motion for subpoena filed by Plaintiff is **DENIED.** (Doc. 43). The motion for leave to amend filed by Plaintiff is **DENIED.** (Doc. 44).

The motion for protective order filed by Defendants Poteat and Wexford Health Sources, Inc. is **GRANTED.** (Doc. 45).

**IT IS SO ORDERED.**

**DATED: December 7, 2023**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**