IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN BROWN, JR., #R53255, <br><br> **Plaintiff,** <br><br> v. <br><br> WEXFORD HEALTH SOURCES, INC., *et. al.*, <br><br> **Defendants.** | Case No. 23-cv-00107-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion for leave to amend the Complaint and a motion to substitute party filed by Plaintiff Allen Brown. (Doc. 47, 52).

## BACKGROUND

Plaintiff brought this lawsuit pursuant to 42 U.S.C. §1983 alleging violation of his constitutional rights and the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). (Doc. 1). In the Complaint, Plaintiff alleges that his psychotropic medication was not administered on October 16, 17, 18, 19, 28, and 29, 2021. Without his medication, Plaintiff engaged in self-harm and was hospitalized. Following a merit review of the Complaint pursuant to 28 U.S.C. §1915A, Plaintiff is proceeding on an Eighth Amendment claim against Defendants Wexford Health Sources, Inc., Crain, Martin, Morris, Lawrence, Poteat, Wills, Nurse Jane Doe, and Reister for deliberate indifference to his serious medical needs by failing to provide him with medication in October 2021 (Count 1). (*See* Doc. 20).

In the Merit Review Order, the Court dismissed Plaintiff's claims under the ADA and RA.

The Court found that Plaintiff had not pled that he was discriminated against and denied his medication because of his disability. Rather, he argued that the ADA and RA were violated simply because he has a disability and was not administered his medication as prescribed. Because "failing to attend to the medical needs of its disabled prisoners" does not state a claim, the claims under the ADA and RA did not survive merit review and were dismissed. (Doc. 20, p. 3) (quoting *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)). The Court also dismissed Plaintiff's Fourteenth Amendment claim and several defendants.

On December 11, 2023, Plaintiff filed a motion seeking leave to amend the complaint. (Doc. 47). Plaintiff states that he would like to add newly discovered defendants and reinstate claims that were previously dismissed. Defendants did not file a response in opposition.

Plaintiff has also filed a motion seeking to substitute Rebecca Cooper, counsel for the Estate of Kimberly Martin, for Defendant Kimberly Martin, who is deceased. (Doc. 28, 52).

**MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

In the proposed amended complaint, Plaintiff reasserts allegations similar to those stated in the original Complaint. He states that he is designated seriously mentally ill (SMI) and was not administered his medication on October 16, 17, 18, 19, 28, and 29, 2021. (Doc. 47-1, p. 10). Plaintiff asserts that he was informed by staff that there was a nursing staff shortage, and the available nurses were refusing to come to the housing unit to administer medications. He contends that it is a policy and practice of Wexford Health Sources, Inc. to not maintain staffing levels sufficient to provide medication and that he wrote to Defendants Morris, Poteat, Martin, Crain, Lawrence, and Wills and informed them that he was not receiving his medication. (*Id.* at p. 4, 10).

Plaintiff attempts to revive his claims against previously dismissed defendants by suing defendants in their official and individual capacities and stating the following:

> Defendants were all aware that [he] was in custody and that [he] was SMI and that [he] had serious medical and mental conditions requiring treatment and medications, and that as a proximate result of not receiving adequate medical and mental health care, a serious/substantial risk of serious injury to Plaintiff or others existed. And they Defendants by acts and or omissions and/or deliberate indifference to Plaintiff's serious medical and mental health needs and failed to provide adequate medical and mental health care…
>
> Defendants acts and or omissions failed to protect me from self-harm as well as the officer that was assaulted as a proximate result of an exacerbation of symptoms directly related to not being administered his psychotropic and medical medication…
>
> By acts and or omissions Defendants denied Plaintiff equal protection of the laws that protect his constitutional rights to adequate medical and mental health care.

(Doc. 47-1, p. 9-10, 11). These conclusory statements asserted against more than 20 individuals are not sufficient to state a claim under the Eighth or Fourteenth Amendment. With the exception of Defendants Wexford Health Sources, Inc., Morris, Poteat, Martin, Crain, Lawrence, and Wills (*see* Doc. 47-1, p. 10), Plaintiff does not provide any factual allegations detailing Defendants' role in the alleged constitutional violations. A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff is required to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Additionally, Plaintiff is required to make plausible allegations against individuals. *Id.* When a plaintiff does nothing but state that a group of defendants have harmed him without providing more, all he has done is establish that there is a "sheer possibility" that someone in that group harmed him. Because Plaintiff does not describe the conduct or the particular acts or omissions of each defendant, he again has failed to state a constitutional claim against them.

To the extent Plaintiff is attempting to hold certain defendants, such as Governor Pritzker, Dr. Hinton, Director Jeffreys, Chief of Medical Services Shicker, Chief of Psychiatry Puga, Chief

of Mental Health Hinton, Regional Medical Director John Doe, and Regional Mental Health Administrator Reister,[1] liable because they are in supervisory positions, his claims also fail. "Liability under §1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper,* 910 F.3d 1027, 1029 (7th Cir. 2018).

Plaintiff has also again failed to state a claim under the Americans with Disabilities Act and the Rehabilitation Act. Plaintiff recites the elements of the claim without providing supporting factual allegations. He states that he is an individual with a disability and that "Defendants discriminated against Plaintiff by providing other offenders in the institution their adequate medical and mental health care by administering their medications and denying plaintiff his…" (Doc. 47-1, p. 12). This conclusory statement is not supported by the facts alleged in the proposed amended complaint. He alleges that he was denied his medication in October 2021 not because he was discriminated because of his disability, but because there was a staffing shortage, and the nurses were refusing to distribute medication in his housing unit. (Doc. 47-1, p. 10). For the reasons previously stated by the Court, Plaintiff's ADA and RA claims fail. (*See* Doc. 20, p. 4-5).

Pursuant to Federal Rule of Civil Procedure 15(a), courts "should freely give leave [to amend] when justice so requires." Under Rule 15(a), "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cnty.,* 850 F.3d 849, 855 (7th Cir. 2017) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). Here, the motion for leave to amend is **DENIED.** As discussed above, Plaintiff's proposed amended complaint does not cure the deficiencies in the original

---

[1] Plaintiff sufficiently stated a claim against Reister in the original Complaint, but he has failed to do so in the proposed amended complaint.

Complaint and fails to state new viable claims. Allowing Plaintiff to amend would be futile and result in the dismissal of Defendant Reister. Plaintiff specifies that it is not his intention to dismiss any current claims against Defendants. (Doc. 47, p. 1). Therefore, justice does not require the Court to allow Plaintiff to amend.

### REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff expresses confusion over the Court's ruling denying his requests for subpoenas and document production. (*See* Doc. 46, 48). Discovery has not commenced in this case and so the motions were denied as premature. Once all defendants have been served and filed answers to the Complaint, the Court will enter a scheduling and discovery order providing instructions on discovery and initial disclosures. It is at this time that Defendants will be directed to produce initial disclosures, which will include medical records and copies of grievances.

### MOTION TO SUBSTITUTE

The motion to substitute party is **GRANTED**. (Doc. 52). Rebecca Cooper, as counsel for the Estate of Kimberly Martin, is hereby substituted for Defendant Kimberly Martin, deceased. FED. R. CIV. P. 25(a). *See Anderson v. Romero,* 42 F. 3d 1121, 1124-25 (7th Cir. 1994) (appointing the plaintiff's lawyers as special administrators in substitution for the deceased in absence of an executor of the estate).

### DISPOSITION

For the reasons stated above, the motion for leave to amend the complaint is **DENIED.** (Doc. 47).

The motion to substitute party is **GRANTED.** (Doc. 52). Rebecca Cooper, as counsel for the Estate of Kimberly Martin, is hereby substituted for Defendant Kimberly Martin, deceased. The Clerk of Court is **DIRECTED** to serve process on Rebecca Martin, as provided in the Merit

Review Order at Doc. 20, and to update the docket sheet to reflect the substitution of parties.

**IT IS SO ORDERED.**

**DATED:   April 10, 2024**

                                          *s/Stephen P. McGlynn*
                                          **STEPHEN P. MCGLYNN**
                                          **United States District Judge**