IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN BROWN, JR.,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC.,<br><br>Defendants. | Case No. 23-cv-00107-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Motion for Injunction and Recruitment of Counsel filed by Plaintiff Allen Brown. (Doc. 66). Plaintiff states that he has been informed by staff at Joliet Treatment Center, where he is now incarcerated, that he will not be allowed to access his legal box or the law library for research without an order from the Court showing that he is representing himself in this case. Plaintiff asks for the Court to issue a temporary order, injunction, or declaration directing the Illinois Department of Corrections (IDOC) at Joliet Treatment Center to allow Plaintiff to attend weekly the scheduled law library time for his housing unit.

In the motion, Plaintiff also asks the Court to recruit him counsel. He states that he is having difficulty identifying the unknown defendant because he needs her name and zip code, and disciplinary action was taken against him for attempting to obtain the personal information of staff. Plaintiff argues he is also in need of counsel to aid in helping with discovery now that he is no longer residing at Menard Correctional Center, where the alleged events took place. Plaintiff has been prohibited from obtaining witness statements from fellow inmates, as he is not allowed to contact inmates at other institutions. Finally, Plaintiff asserts that he is unable to represent himself in this matter because he has several serious mental illnesses, and he does not have knowledge of

Page 1 of 4

the law and litigation.

The request for emergency injunctive relief is **DENIED.** To obtain preliminary injunctive relief, whether through a temporary restraining order or a preliminary injunction, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citations omitted). An injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). Furthermore, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). *See also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr*, 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation").

Plaintiff seeks emergency injunctive relief that does not pertain to the constitutional violations alleged in this case, which occurred while Plaintiff was held at Menard Correctional Center in the fall of 2021. Plaintiff's new assertions that he currently is being denied access to his legal documents and the law library are asserted against staff at Joliet Treatment Center who are not named parties to this lawsuit. A motion for an emergency injunction is not a proper avenue to pursue additional claims and forms of relief and to add defendants. For these reasons, the Court will not issue an order directing staff at Joliet Treatment Center to grant Plaintiff weekly law library time.

To ensure, however, that Plaintiff's ability to litigate this case is not being frustrated due

to conduct of IDOC staff, Defense Counsel is **DIRECTED** to file a notice with the Court regarding Plaintiff's access to the law library and his legal materials on or before **June 25, 2024.** *See* 28 U.S.C. §1651(a). The notice should include projected dates on when and how often Plaintiff is able to access his legal materials and the law library. The Clerk of Court is **DIRECTED** to send a copy of this Order and the docket sheet to the litigation coordinator and the law librarian at Joliet Treatment Center.

Plaintiff's request for court recruited counsel is also **DENIED.** The Court continues to find that Plaintiff is capable of representing himself at this stage in the case. To the extent Plaintiff is worried about conducting merits discovery and obtaining witness statements from fellow inmates, the Court has entered an Initial Scheduling and Discovery Order that stays all merits discovery until the issue of exhaustion has been resolved. (Doc. 72). Although Plaintiff has no legal knowledge, a review of the docket shows that Plaintiff is a diligent advocate for himself, writes effectively, and understands directions from the Court. As for his mental illnesses, Plaintiff has not described how, nor does the Court find, that his conditions have hindered his ability to proceed pro se. Based on his filings, Plaintiff will be able to respond to the issue of whether he properly utilized the administrative grievance process prior to initiating this lawsuit, which is usually a straight-forward argument that does not require the need for counsel or extensive legal research. Indeed, the issue of exhaustion hinges on facts available to Plaintiff, specifically, if and when he filed grievances and appeals for his claim.

As for identifying the Jane Doe Defendant, the Initial Scheduling and Discovery Order gives instructions on how Plaintiff is to proceed in obtaining information that will help identify this unknown person. Plaintiff does not need Jane Doe's zip code or any other personal information. He must produce a description of this individual to Defense Counsel, and Defense Counsel will aid Plaintiff in identifying her. For these reasons, the Court will not recruit counsel

at this time. Plaintiff is reminded that Nurse Jane Doe is the only remaining unidentified defendant in this case.

    **IT IS SO ORDERED.**

    **DATED:   June 11, 2024**

                                           _s/Stephen P. McGlynn_
                                           **STEPHEN P. MCGLYNN**
                                           **United States District Judge**