IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN BROWN, Jr., **Plaintiff,** v. WEXFORD HEALTH SOURCES, et al., **Defendants.** | Case No. 23-CV-00107-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion for Reconsideration filed by Plaintiff Allen Brown, Jr. (Doc. 138). In his Motion, Brown argues that this Court erred in dismissing Counts V and VI of his Amended Complaint against Defendants Thena Poteat, Glen Babich, and Wexford Health Sources, Inc. (*See id.*). Brown argues that the Seventh Circuit's holding in *Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019) modifies the holding in *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014) stating that 735 ILL. COMP. STAT. 5/2-622 requires a plaintiff bringing a malpractice claim against a health provider to submit an affidavit and written report authored by a physician confirming the merit of the suit. (*See* Doc. 137, pp. 17–18). Brown specifically points to Judge Easterbrook's opinion in *Young* holding that "[b]ecause timing was not contested in *Hahn*—the debate concerned whether the affidavit and report were required at all— our decision did not produce a holding on that topic" and that "a complaint in federal court cannot properly be dismissed because it lacks an affidavit and report under § 5/2-622." 942 F.3d at 351. Brown thus insists that he is not required to submit the

affidavit and report at the time of filing of his Amended Complaint in line with *Young*. (*See* Doc. 138, pp. 1–2 (quoting *Young* at 351)).

However, Brown does not discuss the key difference between his suit and that at issue in *Young*: the latter was a *pro se* suit filed by a non-attorney prisoner. *See* 942 F.3d at 350, 351. Judge Easterbrook noted that "[a] prisoner may have insuperable difficulty obtaining a favorable physician's report before filing a complaint, so if a complaint not accompanied by a § 5/2-622 affidavit is defective, many a prisoner will be unable to litigate a malpractice claim." *Id.* at 351. The holding in *Young* thus allowed flexibility in the timeline during which the required affidavit and written report should be filed. *See id.* ("But if a prisoner or other *pro se* plaintiff has until the summary judgment stage to comply with the state law, information obtained in discovery may allow a physician to evaluate the medical records and decide whether there is reasonable cause for liability."). As discussed at length in this Court's Order (*see* Doc. 137), Brown is now represented by counsel and may no longer employ the deferential standards afforded to *pro se* litigants. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"); *see also Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014).

Additionally, the claims at issue in *Young* were dismissed *with prejudice*, as the United States's motion was styled as one to dismiss or, in the alternative, for summary judgment. *See Young v. United States*, No. 17-CV-946-JPG-RJD, 2018 WL

4217068 (S.D. Ill. Sept. 5, 2018), *aff'd*, 942 F.3d 349 (7th Cir. 2019). Judge Easterbrook noted that "Illinois wants insubstantial medical-malpractice suits resolved swiftly" and that this goal may be accomplished via a summary judgment motion. *Young*, 942 F.3d at 351 (citing FED. R. CIV. P. 56(b)). It is thus essential to keep this procedural posture in mind when interpreting *Young*'s holding that "that a complaint in federal court cannot properly be dismissed because it lacks an affidavit and report under § 5/2-622." 942 F.3d at 351; *see also Nartey v. Franciscan Health Hosp.*, 2 F.4th 1020, 1025 (7th Cir. 2021) ("We have instructed district courts not to dismiss a complaint at the pleading stage for failing to attach a 5/2-622 affidavit."). Thus, the Seventh Circuit forbids the *final adjudication* of a medical malpractice claim at the pleading stage for want of the affidavit and written report required by Illinois law. This Court did not dismiss Counts V and VI with prejudice—Brown was provided with the opportunity to submit a Second Amended Complaint. (*See* Doc. 37).

Regardless, the voluntary dismissal of the claims against Defendant Reister (*see* Doc. 137, p. 18) necessitates the amendment of the operative pleading in this case. Additionally, based on the prolonged tenure of this case (and the associated delay in discovery due to the adjudication of the Defendants' Motions to Dismiss), this Court prefers to move this case forward rather than delaying discovery for another 35 days so that Brown can provide the required documentation at this stage. Therefore, Brown's Motion for Reconsideration (Doc. 138) is **GRANTED** to the extent that Brown seeks to delay the production of the affidavit and written report required by § 5/2-622. Brown shall refile his medical malpractice claims against Defendants Poteat, Babich, and Wexford in his Second Amended Complaint no later than June

23, 2025 with this Court's stern warning that failure to provide the required affidavit and written report via discovery will result in the dismissal of his medical malpractice claims at summary judgment. *See, e.g.*, *Annamalai v. United States*, No. 22-CV-01541-JPG, 2024 WL 231906, at *3 (S.D. Ill. Jan. 22, 2024) (stating the same). The parties are further cautioned that this Court will not permit modifications to the operative Scheduling Order (Doc. 113) absent unforeseen circumstances.

**IT IS SO ORDERED.**

**DATED:  June 17, 2025**

**s/ *Stephen P. McGlynn*** 
**STEPHEN P. McGLYNN** 
**U.S. District Judge**
